1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

SAMMY'S PRODUCE, INC.,

CASE NO. 08-CV-860 H (POR)

12

Plaintiff,

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

vs.

13

HIERRO'S MARKET & CARNICERIA, INC.; and EDUARDO HIERRO,

14

15

Defendants.

16

17

On May 14, 2008, plaintiff Sammy's Produce, Inc. filed a complaint against

18

defendants Hierro's Market & Carniceria, Inc. ("Hierro's Market") and Eduardo Hierro.

(Doc. No. 1.)  On May 15, 2008, Plaintiff filed an ex parte application for a temporary

19

restraining order ("TRO") enforcing a statutory trust pursuant to Section 5(c) of the Perishable

20

Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499e(c), by restraining the transfer of

21

assets of Hierro's Market and Carniceria, Inc.  (Doc. No. 3.)  Plaintiff also filed a motion for

22

a preliminary injunction.  (Doc. No. 4.)  On May 16, 2008, the Court issued an order setting

23

a hearing on Plaintiff's motion for a TRO for May 19, 2008.  (Doc. No. 6.)  The Court directed

24

Plaintiff to give notice to Defendants of the hearing and instructed Plaintiff to make reasonable

25

efforts to effect service upon Defendants prior to the hearing.  (Id.)

26

On May 19, 2008, the Court held a hearing on Plaintiff's motion for a TRO.  Bryan W.

27

Pease appeared for Plaintiff.  Defendant Eduardo Hierro appeared with the assistance of an

28

interpreter. The Court granted Plaintiff's motion for a TRO and set a hearing regarding

08cv860

Plaintiff's motion for a preliminary injunction for May 27, 2008.  (Doc. Nos. 7, 8.)  On May 27, 2008, Bryan W. Pease appeared on behalf of Plaintiff.  For the reasons discussed below, the Court grants Plaintiff's motion for a preliminary injunction.

### Background

Plaintiff is a wholesaler of produce.  (Decl. of Yan Skwara ISO App. for TRO ("Skwara Decl.") ¶ 3.)  Plaintiff and defendant Hierro's Market are both produce "dealers" as defined by PACA.  7 U.S.C. § 499a(b)(6).  Plaintiff states that defendant Eduardo Hierro is, and was during the time in question, responsible for the daily operations of Hierro's Market and was in a position of control over the trust assets belonging to Plaintiff.  (Skwara Decl. ¶ 4.)  Plaintiff alleges that between June 8, 2007 and July 27, 2007, Plaintiff sold and delivered to Defendants wholesale quantities of produce worth $96,547.59.  (Id. ¶ 6.) Defendants provided to Plaintiff several checks that were dishonored by the bank due to insufficient funds.  (Id. ¶ 12.)  Plaintiff has provided the Court with copies of outstanding invoices for produce sold and delivered to Defendants, as well as copies of checks that were dishonored for insufficient funds.  (Skwara Decl., Exs. 1, 2.)  At the May 19, 2008 hearing on Plaintiff's motion for a TRO, Mr. Hierro stated that he intends to pay Plaintiff but lacks adequate funds at the present time, and therefore desires an agreement regarding monthly payments.  Mr. Hierro acknowledged that his signature appeared on many of the invoices submitted by Plaintiff but disputed other invoices.

## I.   Plaintiff's Motion For a Preliminary Injunction

### A.   Statutory Trust Under PACA

Congress enacted PACA in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce."  49 Fed. Reg. at 45737.  PACA "provides . . . aid to [agricultural] traders in enforcing their contracts."  Id. In 1984, Congress amended PACA to insure that suppliers of produce are paid by providing for the imposition of a statutory trust on all produce-related assets.  7 U.S.C. § 499e(c)(2).  Under PACA, "perishable agricultural commodities, inventories of food or other derivative products, and any receivables or proceeds from the sale of such

commodities or products, are to be held in a non-segregated floating trust for the benefit of unpaid sellers.  Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 136 (3d Cir. 2000).  The produce buyer is the trustee of a statutory trust under PACA.  Id. PACA requires that the trust be maintained for the benefit of the suppliers, sellers or agents who provided the commodities until full payment has been made.  7 U.S.C. § 499e(c)(2). In providing for the imposition of this statutory trust, Congress intended to provide "a self-help tool that will enable [sellers of produce] to protect themselves against the abnormal risk of losses resulting from slow-pay and no-pay practices by buyers or receivers of fruits and vegetables."  49 Fed. Reg. at 45737.

Under PACA, failure to maintain the trust assets and to make full payment promptly to the trust beneficiary is unlawful.  7 U.S.C. § 499b(4).  Produce dealers must "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities."  7 C.F.R. § 46.46(e)(1). PACA prohibits acts or omissions, including dissipation of trust assets or impairment of a seller's right to obtain payment, that are inconsistent with this duty.  Id.  PACA provides that the "district courts of the United States are vested with jurisdiction specifically to entertain . . . actions by trust beneficiaries to enforce payment from the trust."  7 U.S.C. § 499e(c)(5).

### B.     Preliminary Injunction – Legal Standard

A plaintiff is entitled to a preliminary injunction when the plaintiff demonstrates a strong likelihood of success on the merits, irreparable harm if injunctive relief is not granted, that the threatened injury to the plaintiff outweighs whatever damage the proposed injunction might cause to the opposing party, and that the issuance of the injunction will not be adverse to the public interest.  See Regents of Univ. of Cal. v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984).  Alternatively, in the Ninth Circuit a plaintiff may be entitled to a preliminary injunction by establishing "the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor."  See Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998).  These alternative formulations "represent two points

on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  Id.; see Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

**C.     Plaintiff's Motion Demonstrates That Injunctive Relief Is Warranted**

Here, the Court concludes that Plaintiff's complaint, motion and supporting materials demonstrate a strong likelihood of success on the merits, that Plaintiff will suffer irreparable harm if injunctive relief is not granted, that the threatened injury to Plaintiff outweighs whatever damage injunctive relief might cause to Defendants, and that the issuance of an injunction will not be adverse to the public interest.  See Regents of Univ. of Cal. v. ABC, Inc., 747 F.2d 511, 515 (9th Cir. 1984).

First, the Court concludes that Plaintiff has met its burden to establish a strong likelihood of success on the merits of Plaintiff's claim for relief under PACA.  Plaintiff is a supplier or seller of wholesale quantities of produce.  Plaintiff sold to Defendants wholesale quantities of produce in the aggregate amount of $96,547.59.  (Skwara Decl. ¶ 5-10, Ex. 1.) That amount remains past due and unpaid.  (Id.; see id., Ex. 2.)  Plaintiff preserved its status as a trust creditor of Defendants under PACA by sending to Hierro's Market and Carniceria, Inc., invoices containing the language required by 7 U.S.C. § 499e(c)(4).  (Skwara Decl. ¶ 10, Ex. 1.)  At the May 19, 2008, hearing, Mr. Hierro stated that he disputed some of the invoices submitted by Plaintiff.  (E.g., Doc. No. 3-3 at 24 ($5,037), 26 ($4,432), 32 ($11,092).)  Based on the evidence before the Court, the Court concludes that Plaintiff has a strong likelihood of success on Plaintiff's claim that Defendants have failed to pay Plaintiff for produce supplied by Plaintiff in accordance with the trust provisions of PACA.  (Skwara Decl. ¶ 12-14.)  Defendants have advised Plaintiff that Defendants are unable to pay for the produce.  (Id.)  At the May 19, 2007 hearing on Plaintiff's motion for a TRO, Defendant stated that he desired to negotiate a payment plan.

Second, the Court concludes that Plaintiff's motion demonstrates that Plaintiff will suffer irreparable injury in the absence of injunctive relief enforcing the statutory trust pursuant to PACA.  See Carribean Marine Services Co. v. Baldridge, 844 F.2d 668, 674

(9th Cir. 1988) (plaintiff must demonstrate immediate threatened injury).  Plaintiff provides evidence that Defendants are dissipating trust assets.  See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d at 139 ("dissipation of PACA trust assets can render money damages inadequate, thereby necessitating equitable relief, especially when the dissipation will clearly result in the debtor's inability ultimately to make payment").  The Court concludes that this threatened injury to Plaintiff outweighs the potential harm, if any, to Defendants of granting injunctive relief.  Finally, the Court concludes that granting interim injunctive relief is not adverse to the public interest.  See Regents of Univ. of Cal. v. ABC, Inc., 747 F.2d at 515.  Congress enacted PACA to protect the public interest and provide a remedy to wholesalers such as Plaintiff when they are not paid for produce they sell.  See 7 U.S.C. § 499e(c)(1).  In sum, the Court concludes that Plaintiff's motion satisfies the applicable standard for granting a preliminary injunction.

### Conclusion

For the reasons discussed above, the Court grants Plaintiff's motion for a preliminary injunction enforcing the statutory trust pursuant to section 5(c) of the PACA, 7 U.S.C. § 499e(c), by restraining the transfer of assets of defendant Hierro's Market & Carniceria, Inc.  Pursuant to Rule 65(c), the Court orders a bond in the amount of $750.00. IT IS SO ORDERED.

DATED:  May 27, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

08cv860