**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMMY'S PRODUCE, INC,

Plaintiff,

vs.

HIERRO'S MARKET & CARNICERIA, INC., and EDUARDO HIERRO,

Defendants.

CASE NO. 08-CV-0860 H

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN THE AMOUNT OF $100,927.04**

On May 14, 2008, Sammy's Produce, Inc., ("Plaintiff") filed a complaint against Hierro's Market & Carniceria, Inc., and Eduardo Hierro ("Defendants") to enforce payment from a produce trust under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. (Doc. No. 1.) Presently before the Court is a motion for default judgment against Defendants and in favor of Plaintiff, in the amount of $113,272.34. (Doc. No. 15.) For the reasons stated below, the Court grants Plaintiff's motion for default judgment in the amount of $95,875.54, plus prejudgment interest of $5,051.50, for a total of $100,927.04.

**<u>Background</u>**

Plaintiff is a wholesaler of produce. (Decl. of Yan Skwara ISO App. for TRO ("Skwara Decl.") ¶ 3.) Plaintiff and defendant Hierro's Market are both produce "dealers" as defined by PACA. 7 U.S.C. § 499a(b)(6). Plaintiff states that defendant

Eduardo Hierro is, and was during the time in question, responsible for the daily operations of Hierro's Market & Carniceria, Inc., and was in a position of control over the trust assets belonging to Plaintiff. (Skwara Decl. ¶ 4.) Plaintiff alleges that between June 8, 2007 and July 27, 2007, Plaintiff sold and delivered to Defendants wholesale quantities of produce worth $96,547.59. (Id. ¶ 6.) Thereafter, Defendants provided to Plaintiff several checks that were dishonored due to insufficient funds. (Id. ¶ 12.) Plaintiff alleged that Defendants failed to pay for the produce in question.

On May 15, 2008, one day after filing the complaint in this action, Plaintiff filed an ex parte motion for a temporary restraining order ("TRO") and a motion for a preliminary injunction restraining the transfer by Defendants of assets subject to the alleged PACA trust. (Doc. Nos. 3, 4.)

On May 19, 2008, the Court held a hearing on Plaintiff's ex parte motion for a TRO. (Doc. No. 7.) Plaintiff provided the Court with copies of outstanding invoices for produce sold and delivered to Defendants, as well as copies of checks that were dishonored for insufficient funds. (Skwara Decl., Exs. 1, 2.) The invoices indicated that Plaintiff adequately preserved its interest in the PACA trust. (See id.) Mr. Hierro, acting pro se and with the assistance of a pro tem interpreter, appeared at the May 19, 2008 hearing. (See Doc. No. 7.) Mr. Hierro acknowledged that his signature (or that of a family member) appeared on many of the invoices submitted by Plaintiff, and that he intended to pay those invoices but disputed certain other invoices. (See Order Granting Plf's. Motion for Prelim. Inj. at 2.) Mr. Hierro stated that he lacked adequate funds to pay Plaintiff at that time but that he desired an agreement regarding monthly payments. (Id.) Following the May 19, 2008 hearing, the Court granted Plaintiff's motion for a temporary restraining order. (Doc. No. 8.) The Court scheduled a hearing for May 27, 2008 regarding Plaintiff's motion for a preliminary injunction. (Id.) Mr. Hierro was present and acknowledged that a hearing would be held on May 27, 2008. Additionally, the Court ordered Plaintiff to give notice to Defendants of the hearing, and to make reasonable efforts to effect service upon Defendants prior to that hearing.

(See Doc. No. 6.)

On May 27, 2008, the Court held a hearing on Plaintiff's motion for a preliminary injunction. No defendant appeared at the hearing or filed any documents with the Court. On May 27, 2008, the Court granted Plaintiff's motion for a preliminary injunction. (Doc. No. 10.)

On June 9, 2008, Plaintiff filed proof of service of summons with respect to both defendants Eduardo Hierro and Hierro's Market & Carniceria, Inc. (Doc. Nos. 11, 12.) Plaintiff's filings indicate that Mr. Hierro was served on May 18, 2008 and that Hierro's Market was served on May 16, 2008. (Id.)

As of June 17, 2008, no defendant had filed a response to Plaintiff's complaint or made any other filings with the Court. On June 17, 2008, Plaintiff requested the Clerk of Court to enter default as to both defendants. (Doc. No. 13.) The Clerk granted Plaintiff's request and entered the default of Eduardo Hierro and Hierro's Market & Carniceria, Inc. (Doc. No. 14.)

On July 17, 2008, Plaintiff filed the present motion for default judgment. (Doc. No. 15.) Plaintiff seeks default judgment in the total amount of $$113,272.34, which represents full payment of outstanding invoices, interest on the invoices from July 2007 through July 2008, attorney's fees and costs. (Id.) For the following reasons, the Court grants Plaintiff's motion for default judgment in the amount of $95,875.54, plus prejudgment interest of $5,051.50 for a total of $100,927.04.

## Discussion

### I. Default Judgment – Legal Standards

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The records in this case reflect that the summons issued on Plaintiff's complaint has been regularly served upon both defendants Eduardo Hierro and Hierro's Market

& Carniceria, that both defendants have failed to plead or otherwise defend in this action as required by the summons and provided by the Federal Rules of Civil Procedure. (See Doc. No. 14.) Accordingly, the Clerk properly entered both defendants' defaults on June 17, 2008.

Once a party's default has been entered, Rule 55(b) provides that in all cases except for those where "the plaintiff's claim is for a sum certain," "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2). If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing." Fed. R. Civ. P. 55(b)(2). Here, Plaintiff has filed an affidavit indicating that on July 17, 2008, Plaintiff served by mail written notice of Plaintiff's request for default judgment and supporting materials. (Doc. No. 15-4.) Accordingly, the Court concludes that Plaintiff provided adequate notice to Defendants of Plaintiff's request for default judgment.

Under Rule 55(b), "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, the Court concludes that Plaintiff's motion is appropriate for resolution on the basis of the written submissions and without oral argument, pursuant to the Court's discretion under Local Civil Rule 7.1(d)(1).

A court may grant default judgment at its discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). However, default judgments are disfavored when a decision on the merits is "reasonably possible." Id. at 1472. Factors that a court may consider include: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying

the Federal Rules of Civil Procedure favoring decisions on the merits." Id. at 1471-72. When considering these factors, a court may take as true any well-pleaded allegations of the complaint, except those related to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

**II. Jurisdiction and Venue**

District Courts have original jurisdiction over actions arising under PACA. 7 U.S.C. § 499(c)(5). Plaintiff is a California corporation with its principal place of business in San Diego, California. (See Compl. at 1.) Plaintiff alleges that Hierro's Market and Carniceria, Inc., is a California corporation with its principal place of business in Lake Forest, California, and that Mr. Hierro was the officer and director of Hierro's Market during the time in question. (Id. at 2.) When Mr. Hierro appeared at the hearing on Plaintiff's motion for a TRO, he did not raise any objections to the venue. (See Doc. No. 7.) Defendant Hierro's Market & Carniceria, Inc., has not objected to venue because that entity has not appeared to defend this action. Accordingly, the Court concludes that venue is proper in this district. Fed. R. Civ. P. 12(h)(1); see Wachovia Bank v. Schmidt, 546 U.S. 303, 305 (2006) (objections to venue waived if not timely raised). The Court also concludes that it has personal jurisdiction over Defendants.

**III. Review of Requested Judgment**

Defendants failed to file an answer to Plaintiff's complaint, and did not oppose the motion for default judgment, despite receiving written notice. (See Doc. Nos. 11, 15.) When a defendant fails to defend an action, a judgment on the merits is impractical, if not impossible. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The potential of prejudice to Plaintiff favors granting Plaintiff's request for default judgment, since Plaintiff likely will be without any other recourse for recovery. See Eitel v. McCool, 782 F.2d at 1471-72. Additionally, the Court has already concluded (twice) that Plaintiff demonstrated a strong likelihood of success on the merits of Plaintiff's claim under PACA. (See TRO at 4; Order Granting

Prelim. Inj. at 4-5.)

The Court also concludes that the sum of money at stake in the action is reasonable in light of Defendants' failure to pay for produced received. See Eitel v. McCool, 782 F.2d at 1471-72. The potential for dispute over material facts is unlikely, since Defendants failed to file an answer in response to Plaintiff's complaint or to defend against Plaintiff's motion for preliminary injunction or Plaintiff's request for default judgment. Additionally, the Court notes that Mr. Hierro orally acknowledged owing money to Plaintiff for wholesale produce that Plaintiff delivered to Defendants. (See Doc. No. 8.)

Finally, the Court concludes that it is unlikely that Defendants' failure to defend this action was the result of excusable neglect. See Eitel v. McCool, 782 F.2d at 1471-72. The record indicates that Defendants were served with notice of all hearings and received copies of the complaint and all other filings by Plaintiff. Additionally, at the May 19, 2008 hearing regarding Plaintiff's ex parte motion for a TRO, Mr. Hierro acknowledged that a subsequent hearing would be held on May 27, 2008. After the May 19, 2008 hearing, however, neither defendant has appeared or filed any documents with the Court. Based on the foregoing, the Court concludes that Plaintiff has demonstrated that the Court's entry of default judgment is appropriate under the law. Fed. R. Civ. P. 55(b); see Eitel v. McCool, 782 F.2d at 1471-72.

Next, the Court must determine the amount of damages established by Plaintiff. See Fed. R. Civ. P. 55(b)(2)(B) (court may conduct hearing to determine amount of damages). A court may calculate from the facts in the record the amount a plaintiff is entitled to recover upon default. Pope v. United States, 323 U.S. 1, 12 (1944). Relief, however, is limited to the kind requested in the pleadings. Fed. R. Civ. P. 54(c). Here, Plaintiff requests payment of unpaid invoices, prejudgment interest on the unpaid amounts, attorney's fees and costs. (Doc. No. 15.)

The Court has carefully reviewed the invoices submitted by Plaintiff and concludes that Plaintiff has established unpaid invoices in the amount of $95,875.54.

Accordingly, the Court concludes that Plaintiff has established damages in the amount of $95,875.54 as a result of Defendants' violation of PACA by failing to pay for wholesale produce delivered by Plaintiff. See 7 U.S.C. § 499e et seq.

The Court declines to award attorneys' fees to Plaintiff. PACA neither provides for nor precludes an award of attorneys' fees, see In re Dixie Produce & Packaging, L.L.C 368 B.R. 533, 538 (Bankr. E.D. La. 2007), and Plaintiff fails to cite authority sufficient to persuade the Court that an award of attorneys' fees is warranted in this case. In PACA actions, the Ninth Circuit has held that an award of attorneys' fees is appropriate when "the efforts of the[] attorneys resulted in a common fund for [a] group" of PACA creditors. In re Milton Poulos, Inc., 947 F.2d 1351, 1353 (9th Cir. 1991). This is because "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." Id. Here, the Court concludes that Plaintiff fails to demonstrate that its efforts resulted in a "common fund" that benefitted a group of creditors in addition to Plaintiff. Although Plaintiff's efforts certainly appear beneficial to Plaintiff, the Court concludes that Plaintiff fails to demonstrate a basis for the Court to award attorneys' fees under the law. Id. The Court therefore denies Plaintiff's request for attorneys' fees.

Plaintiff also requests prejudgment interest at a rate of 18%. (See Doc. No. 15.) "A district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants." Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc., 307 F.3d 1220, 1226 (9th Cir. 2002). Courts generally look to the equities of a particular case in determining a reasonable award of prejudgment interest. See Michaels v. Michaels, 767 F.2d 1185, 1204 (7th Cir. 1985). Here, based on the entire record, the Court in its discretion concludes that the amount requested by Plaintiff exceeds a "reasonable" amount of prejudgment interest. See Middle Mountain Land & Produce, Inc., 307 F.3d at 1226. The Court notes that the invoices submitted by Plaintiff do not support the conclusion

that the parties agreed to the payment of prejudgment interest at a specific rate. (See Decl. of Yan Skwara ISO App. for TRO, Ex. 1.)

28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year maturity Treasury yield . . . for the calendar week preceding the date of the judgment." Id. Here, the Court concludes that the interest rate that § 1961 provides for post-judgment interest constitutes a reasonable rate at which to determine an award of prejudgment interest sufficient to protect Plaintiff's interests. See Middle Mountain Land & Produce, Inc., 307 F.3d at 1226. For the calendar week preceding July 27, 2007, the last date on which Plaintiff delivered produce to Defendants, see Skwara Decl. ISO App. for TRO, Ex. 1, the Court takes judicial notice that the applicable interest rate was 4.91%. Using this interest rate, compounded annually, see 28 U.S.C. § 1961(b), and the outstanding balance of $95,875.54 owed by Defendants to Plaintiff, the amount of interest is $5,051.50. The Court in its discretion concludes that this represents a reasonable amount and adequately protects Plaintiff's interests under PACA. Accordingly, the Court grants Plaintiff's request for an award of prejudgment interest in the amount of $5,051.50.

If Plaintiff desires the return of the $750 bond ordered by the Court in connection with the TRO and preliminary injunction, Plaintiff shall file an appropriate request for the disbursement of funds pursuant to Local Civil Rule 67.1(a), which provides that funds on deposit in the court's registry "shall be disbursed only by order of the court after the time for appeal has expired, or upon written stipulation by all parties approved by the court."

///

///

///

///

## Conclusion

For the reasons discussed above, the Court grants Plaintiff's request for default judgment in the amount of $100,927.04 against defendants Eduardo Hierro and Hierro's Market and Carniceria, Inc., plus costs as provided by law and the Court's local rules.

IT IS SO ORDERED.

DATED: August 22, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.